*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-429

JUNE TERM, 2015

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Bennington Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Mariusz Curylo | } DOCKET NO. 50-7-14 Bncs |

Trial Judge: William D. Cohen

In the above-entitled cause, the Clerk will enter:

Defendant appeals the civil suspension of his driver's license for driving while intoxicated (DWI). He argues that the criminal division of the superior court erred by not suppressing his breath-test result based on the processing officer's failure to provide him with an opportunity to submit a second evidentiary breath sample. We affirm.

The following facts were revealed through the testimony and exhibits presented at the October 14, 2014 hearing in which defendant contested the civil suspension of his driver's license. On June 29, 2014, defendant was arrested and transported to the Shaftsbury state police barracks for DWI processing after being stopped for speeding, exhibiting signs of intoxication, failing field-dexterity tests, and submitting a preliminary breath sample with a breath-alcohol content (BAC) of .189. The processing officer read defendant his rights, including the following: "[I]f you submit to an evidentiary test administered with an infrared device, following receipt of the results of that test, you have a right to a second evidentiary test administered by me using the infrared device." Defendant blew into the device three times without providing an adequate breath sample. Finally, on the fourth attempt, he provided an adequate sample, which revealed a BAC of .141. After he provided the sample, the officer did not ask him if he wanted to provide a second breath sample, but informed him of his right to have an independent blood test done at his expense at a hospital with a kit provided by the police. Defendant declined the independent test. Based on the .141 test result, he was charged with DWI and received notice of the civil suspension of his driver's license.

Defendant contested the civil suspension, and a hearing was held, at which a portion of a video recording of defendant's DWI processing was played. Defendant argued that the breath sample must be suppressed because the processing officer failed to comply with 23 V.S.A. § 1202(d)(5), which provides that "[a] person who is requested by a law enforcement officer to submit to an evidentiary test administered with an infrared breath-testing instrument may elect to have a second infrared test administered immediately after receiving the results of the first test." See also 23 V.S.A. § 1205(h)(1)(E) (listing, as one of several issues that may be raised at civil-suspension hearing, "[w]hether the requirements of section 1202 of this title were complied with"); id. (stating that law enforcement officer's affidavit in support of civil suspension shall be

sufficient if it contains certain specified statements, including that "[t]he officer informed the person of his or her rights under subsection 1202(d) of this title"). On the record at the conclusion of the hearing, the superior court denied the motion to suppress and upheld the suspension of defendant's driver's license. After noting that § 1202(d)(5) does not explicitly state that a second test must be offered following the results of the first test, the court concluded that "the totality of the circumstances" in this case demonstrated that the processing was "done in accordance with Vermont law." In so ruling, the court found that the processing officer acted in good faith and that defendant wanted to take only "one test and get out of there." The court indicated that it was a "close case," but that it was "persuaded mostly by the video interaction between the . . . police officer and the Defendant in ruling the way [it] did."

On appeal, defendant argues that the processing officer did not comply with § 1202(d)(5) and thus that the superior court erred by denying his motion to suppress and by suspending his driver's license. He points in particular to the fact that the officer never asked him <u>after</u> he received the results of the first test whether he wanted to take a second breath test—and yet the officer checked both the "yes" and "no" boxes of the question on the implied consent form asking: "Do you want a second infrared test NOW?"

We find no basis to overturn the superior court's decision. As the court noted, § 1202(d)(5) does not explicitly require that the processing officer offer a second breath test at the time the initial test result is obtained; rather, the statute provides only that a defendant "may elect" to have a second breath test "immediately after receiving the results of the first test." To the extent that the statute implies that the processing officer must inform a person taking a breath test of that right, in this case the parties stipulated that during the processing before defendant took the first breath test, the officer informed him that if he submitted to an evidentiary breath test, he had a right to a second breath test administered by the officer.[*] Moreover, as noted, after watching the video recording of the interaction between the officer and defendant, the court found that the officer acted in good faith and that defendant was not interested in taking a second test. <u>State v. Spooner</u>, 2012 VT 90, ¶ 11, 192 Vt. 465 (stating that "[w]hether a test is reliable or accurate is a factual finding" reviewed for clear error because trier of fact is in best position to weigh sufficiency of evidence and assess credibility of witnesses). These findings are supported by the video recording, which shows that: (1) before defendant submitted a breath sample, the officer informed him that he had a right to a second breath test after obtaining the results of the first test; (2) during the processing when defendant struggled to submit a sample, he repeatedly referred to this right, albeit in the context of claiming that he had already submitted two samples; and (3) before submitting his first complete sample after several failed attempts, defendant stated unequivocally: "I will do it one more time." The officer testified that he did not remind defendant of his right to a second breath test after he finally was able to produce a first sample because of defendant's repeated statements that he did not want to continue to attempt to provide samples. The court essentially credited this testimony, and the video recording supports the court's findings as to defendant's determination not to attempt to produce another sample. Under these circumstances, we find no basis to overturn the court's conclusion that the officer complied with § 1202(d)(5).

---

[*] Although § 1202(d)(5) is not explicit as to the timing of when a person must be informed of a right to submit a second infrared breath sample, reminding the person of that right after the first sample is read ensures that the person will make a fully informed decision on whether to submit a second sample. As indicated above, there is no basis to suppress the first sample submitted by defendant, given the particular circumstances of this case.

Neither Spooner nor State v. Vezina, 2004 VT 62, 177 Vt. 488 (mem.), upon which defendant relies, convinces us otherwise. In Vezina, we held that the inability of the infrared device in that case to produce a second test result did not require suppression of the first test result, "particularly in light of defendant's ability to challenge the instrument's reliability, either by seeking independent testing or by introducing evidence of the 'out of range' reading" given by the device in attempting to provide a second test result. 2004 VT 62, ¶ 6. In so holding, we contrasted that case—in which the defendant was adequately informed of his statutory rights, the processing officer attempted in good faith to comply with the defendant's request for a second test, and the officer informed defendant of his right to an independent test—with an out-of-state case relied upon by the defendant, where the police deliberately deprived the defendant of her right to a second test that she had requested. Id. ¶¶ 7-8. In Spooner, the defendant requested a second breath test, but the processing officer was able to obtain a second result only after the machine displayed a fatal error reading. Because the second test was not taken in compliance with protocols prescribed by the Department of Health, the trial court determined that it was unreliable. We held that because a person has a right to a reliable second test, and the trial court's findings regarding the unreliability of the second test were not clearly erroneous, "the court correctly concluded that the lack of a reliable test deprived the State of an essential element to establish its civil-suspension case." Id. ¶¶ 16, 18.

According to defendant, he is entitled to suppression of the first breath-test result because he was deprived of a second test result, to which he had a right under § 1202(d)(5), as the result of the bad faith of the processing officer rather than the malfunction of the infrared device. This argument fails because, as explained above, the record supports the superior court's conclusion that there was no violation of § 1202(d)(5) based on its findings that the officer in this case acted in good faith and that defendant was aware of his right to a second test but not interested in providing another sample.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3